# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KEVIN SHARP, <br><br> Plaintiff, <br><br> v. <br><br> MEMPHIS BONDING CO., INC.; GEORGE A. HITT; TRACY VAN PITTMAN; and WENDY BENTON, <br><br> Defendants. | No. 2:18-cv-02143-SHM-tmp |

## ORDER

Before the Court are two motions. The first is Plaintiff Kevin Sharp's September 27, 2018 Motion for Leave to File a Response to Defendants' Motion to Dismiss. (ECF No. 36.) Defendants responded on October 5, 2018. (ECF No. 39.) Sharp has not moved for leave to reply under Local Rule 7.2(c) and the time to do so has passed.

The second is Defendants' October 5, 2018 Renewed Motion to Dismiss and/or Motion for Judgment. (ECF No. 37.) Sharp has not responded.

For the following reasons, Sharp's Motion for Leave to File a Response to Defendants' Motion to Dismiss is GRANTED and Defendants' Renewed Motion to Dismiss and/or Motion for Judgment is DENIED.

## I. Background

Sharp filed his First Amended Complaint on June 25, 2018. (ECF No. 21.) Defendants filed their Motion to Dismiss on July 23, 2018. (ECF No. 27.) Sharp filed his Motion to Amend Complaint on August 27, 2018, the day his response to Defendants' Motion to Dismiss was due. (ECF No. 30.) Sharp argued that the Court should grant leave to amend his First Amended Complaint "[b]ecause the identity of [a previously unknown] fictitious party [had] been revealed." (Id. at 138.)[1] Sharp identified no other change to the First Amended Complaint. Sharp "request[ed] that [the] Motion to Amend be accepted in lieu of filing a response to the Motion to Dismiss" because the Motion to Dismiss would "be moot if the relief requested is granted (and the Second Amended Complaint is filed.)" (Id.)

The Magistrate Judge granted Sharp's Motion to Amend Complaint on September 12, 2018. (ECF No. 32.) The Magistrate Judge relied on Sharp's representation that the only difference between the Second and First Amended Complaint would be the naming of the previously unknown fictitious party. (See id. at 166-67.) ("The proposed Second Amended Complaint merely identifies by name a defendant who was previously listed as a Jane Doe in the original complaint. . . . Because the Motion to

---
[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

2

Amend Complaint seeks to identify a fictitious party, the court finds that the Motion to Amend is well-taken and is therefore GRANTED."). The Magistrate Judge noted that "the Motion to Amend Complaint does not address the substance of the arguments raised in the Motion to Dismiss" and that "the parties will be informed regarding what impact, if any, the Second Amended Complaint will have on the pending Motion to Dismiss by separate order from the District Judge." (Id.) Sharp filed his Second Amended Complaint on September 13, 2018. (ECF No. 33.)

On September 13, 2018, the Court entered an Order to Show Cause why Defendants' July 23, 2018 Motion to Dismiss should not be granted. (ECF No. 34.) The Court found that, "[b]ecause the issues raised in Defendants' Motion to Dismiss remain relevant to the Second Amended Complaint, Defendants' Motion is not moot." (Id. at 189-90.) The Court afforded Sharp fourteen days to respond to the Order. (Id. at 190.)

Sharp filed a response to the Order to Show Cause on September 27, 2018. (ECF No. 35.) Sharp argued that the Second Amended Complaint mooted Defendants' Motion to Dismiss because Defendants -- and, implicitly, the Magistrate Judge and the Court -- "failed to notice in their reading of the Second Amended Complaint [] that the identification of the fictitious party was not, in fact, the only amendment made by [Sharp]."

3

(Id. at 192.) The Second Amended Complaint "added another violation" of the Truth in Lending Act (the "TILA"): "failing to provide the disclosure of the right to rescission of a consumer credit transaction which is secured by the obligor's principal dwelling under 15 U.S.C. § 1635 (for which Plaintiffs [sic] exercise their right of rescission)." (Id. at 192.) Sharp argued that this newly alleged violation mooted Defendants' Motion because, "unlike the other violations averred by [Sharp], . . . [it] expires three (3) years after the date of transaction", thereby addressing Defendants' argument that the TILA claim "should be dismissed because the statute of limitations has expired." (Id. at 193) (emphasis in original).

On September 27, 2018, Sharp also filed a Motion for Leave to File a Response to Defendants' Motion to Dismiss. (ECF No. 36.) Although Sharp reiterated his argument that the new allegation in the Second Amended Complaint mooted the Motion to Dismiss, (id. at 196), he "request[ed] until September 27, 2018 to respond to Defendants' Motion to Dismiss", (id. at 197). Sharp attached his response to Defendants' Motion to Dismiss to his Motion for Leave to File a Response. (ECF No. 36-1.) Sharp noted that his response "relies on the First Amended Complaint . . . ." (Id. at 200.)

On October 5, 2018, Defendants filed a Renewed Motion to Dismiss and/or Motion for Judgment. (ECF No. 37.) Defendants argue that, "[r]egardless of [Sharp's] last second Motion for Permission to Respond to Defendants' Motion to Dismiss", dismissal is warranted because Sharp's response to the Court's September 13, 2018 Order to Show Cause "does not address the issue of why [Sharp's] [First Amended] Complaint should not be dismissed for failure to respond to Defendants' Motion to Dismiss." (ECF No. 38 at 227, 230.) Defendants interpret the Court's September 13, 2018 Order as affording Sharp only an opportunity to show good cause for his untimely response, not an opportunity to file his response by the fourteen-day deadline. (Id. at 229 n.1.)

**II. Analysis**

Sharp's addition of another claimed TILA violation in the Second Amended Complaint does not moot Defendants' Motion to Dismiss. Sharp confuses two different statutes of limitation for two different remedies: rescission and damages. Rescission has a three-year statute of limitations. 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of property, whichever occurs first . . . .") Damages for failing to disclose the right to rescission has a one-year statute of limitations. Fifteen U.S.C. § 1640 provides that

5

"any creditor who fails to comply with any requirement imposed under this part . . . <u>including any requirement under section 1635</u> . . . with respect to any person is liable to such person . . . ." Id. § 1640(a) (emphasis added). Section 1640 further provides that "any action under this section may be brought . . . within one year from the date of the occurrence of the violation . . . ." Id. § 1640(f). Section 1635 makes it a violation to fail to disclose the right to rescission. Id. § 1635(a). Thus, the one-year statute of limitations provided by Section 1640 applies to damages claims for failing to disclose the right to rescission.

The claim in Sharp's Second Amended Complaint that Defendants "fail[ed] to provide the disclosure of the right to rescission" -- a violation for which Sharp could seek only damages -- is therefore subject to the same statute of limitations argument Defendants make in their Motion to Dismiss. Sharp has claimed the separate remedy of rescission in his First Amended Complaint: "On Plaintiff's TILA claims against Defendant MBC, Plaintiff seeks statutory and/or actual damages <u>and, alternatively, rescission</u> of the credit agreement(s) allegedly secured by the Deed of Trust." (ECF No. 21 at 90) (emphasis added). Sharp's argument that section 1635's three year-statute of limitations for rescission moots Defendants' Motion to Dismiss is not well-taken.

6

That does not mean, however, that Sharp's case should be dismissed at this time. Contrary to Defendants' interpretation, the Court's September 13, 2018 Order to Show Cause afforded Sharp fourteen additional days to submit his response to Defendants' Motion to Dismiss. Sharp filed both his Motion for Leave to File a Response and his response fourteen days after the Court entered the Order to Show Cause. Because Sharp complied with the Court's Order, the Court accepts Sharp's response to Defendants' Motion to Dismiss. Sharp's Motion for Leave to File a Response to Defendants' Motion to Dismiss is GRANTED. Defendants' Renewed Motion to Dismiss and/or Motion for Judgment is DENIED.

### III. Conclusion

For the foregoing reasons, Sharp's Motion for Leave to File a Response to Defendants' Motion to Dismiss is GRANTED and Defendants' Renewed Motion to Dismiss and/or Motion for Judgment is DENIED. Defendants shall have fourteen (14) days from the entry of this Order to file a reply to Sharp's response to Defendants' July 23, 2018 Motion to Dismiss.

So ordered this 12th day of February, 2019.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE